IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRISHA CARLSON, )
)
                Plaintiff, )
)
v. )   Case No. 21-cv-1179-EFM-TJJ
)
STANDARD INSURANCE COMPANY, )
)
                Defendant. )

**MEMORANDUM AND ORDER**

      This matter is before the Court on Plaintiff's Motion to Join the Kansas Public Employees Retirement System as a Party Defendant (ECF No. 22). Plaintiff seeks to add the Kansas Public Employees Retirement System ("KPERS") as a Defendant in this action. Defendant Standard Insurance Company opposes the motion.[1] For reasons stated below, the Court denies Plaintiff's motion.

**I.     Background Information**

      Plaintiff brings suit alleging she is entitled to life insurance benefits following her husband's death. The policy in question was established and maintained by KPERS for the benefit of certain public employees. KPERS funded the plan via a policy of group term life insurance issued by Defendant. When Plaintiff submitted a claim for benefits after her husband died, Defendant denied the claim. Defendant's basis for the denial is that Plaintiff's late husband was not employed by the State of Kansas at the time of his death and was therefore not covered by the group policy.

---

[1] The deadline for Plaintiff to file a reply in support of her motion was December 16, 2021. Plaintiff filed no reply, and the motion is therefore ripe.

Plaintiff asserts seven counts: (1) "Declaration that Policy is in Full Force and Effect;" (2) Fraud; (3) Breach of Contract; (4) Unjust Enrichment; (5) Equitable Estoppel; (6) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (7) Refusal to Pay Insured Loss. Each of the seven counts is premised upon Defendant's alleged improper refusal to pay benefits as required by the terms of the KPERS policy.

Defendant has filed a motion to dismiss Plaintiff's complaint, asserting this court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies. Defendant also argues the claim is barred by the statute of limitations. Plaintiff filed the instant motion while the motion to dismiss is pending, and within the time allotted in this case for motions for leave to add parties.[2]

Plaintiff offers a single sentence to support her request to add KPERS as a party to this action:

> In support of the motion, Plaintiff shows the Court that the Insurance Policy at issue in this case is an (sic) benefit of employment provided by KPERS to the plaintiff's husband, Erik Carlson, deceased and Plaintiff is the named beneficiary of said policy; and the denial of Plaintiff's death benefit under the insurance contract is a breach and misapplication of the employment benefits of said decedent and of Plaintiff's beneficiary.[3]

Defendant opposes the motion, arguing (1) it lacks support and does not comply with the requirement of D. Kan. Rule 7.1(a) that motions be accompanied by a brief or memorandum, and (2) no factual or legal basis exists to grant the motion.

## II.   Standard for Ruling on a Motion to Amend

---

[2] *See* Scheduling Order (ECF No. 20).

[3] ECF No. 22 at 1.

2

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course (1) within 21 days after serving it or (2) within 21 days after a responsive pleading or a Rule 12(b), (e), or (f) motion is served.[4] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[5] Leave to amend is a matter committed to the sound discretion of the district court,[6] and the court "should freely give leave when justice so requires."[7] A district court should refuse leave to amend "only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8] A proposed amendment is futile if the amended complaint would be subject to dismissal.[9]

### III.   Analysis

While the standard for allowing amendment is liberal, in this instance the Court cannot assess the futility of Plaintiff's request because she has not submitted a proposed Amended Complaint as directed by D. Kan. Rule 15.1(a). Her motion does not indicate what cause of action she proposes to assert against KPERS, facts she proposes to allege, or the dates of any action KPERS took which form the basis of a claim. Consequently, the Court will deny Plaintiff's motion without prejudice to re-filing in compliance with Rule 15.1(a). Plaintiff is

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (internal citation omitted).

[9] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

cautioned, however, that any subsequent motion for leave to add a party will be beyond the deadline for amending pleadings set in the scheduling order, thereby implicating Fed. R. Civ. P. 16(b)(4).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Join the Kansas Public Employees Retirement System as a Party Defendant (ECF No. 22) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2021, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge